FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 2 1 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

[signature]
CLERK

RICHARD SMITH,

    Plaintiff,

v.                        No. CIV-03-0139 MCA/RLP

STATE OF NEW MEXICO,
HONORABLE WILLIAM C BIRDSALL
ELEVENTH JUDICIAL DISTRICT COURT,
Personally and in his official capacity as a
New Mexico District Court Judge,
STATE OF NEW MEXICO,
SANDRA A. PRICE,
Personally and in her official capacity as a
New Mexico Chief Deputy District Attorney,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff appears pro se and has moved for leave to proceed in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Price seized certain bank records in violation of

Plaintiff's federal and state constitutional rights. Plaintiff also alleges that Defendant Birdsall issued the illegal subpoenas and allowed testimony from the records during judicial proceedings. The State of New Mexico is also a named Defendant, and the complaint seeks damages for the alleged constitutional violations.

No relief is available on Plaintiff's claims against the named Defendants. As a prosecutor, Defendant Price is immune to these claims. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence . . . and appropriate preparation for its presentation at trial." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). As to Defendant Birdsall, "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). And finally, the State is not a "person" against whom civil rights claims can be pursued, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and sovereign immunity bars other claims against the State for damages. *Alden v. Maine*, 527 U.S. 706, 712-13 (1999). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed in forma pauperis (Doc. #2) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice; other pending motions are DENIED as moot; and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), a form of judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

2